## EAMES' PETITION.

A petition to the Court of Common Pleas for increase of damages occasioned by the laying out of a highway, and assessed prior to March 1, 1843, must be governed by the laws as they existed before that time, although the petition be filed afterward, according to chapter 230, sec. 5, Revised Statutes.

The law providing for applications for such increase of damages (N. H. Laws 573), does not extend to cases in which the highway is laid out for the accommodation of individuals.

PETITION for increased damages occasioned by the laying out of a highway over the land of the petitioner in Campton, by the selectmen of that town.

The petitioner was the owner of a farm in Campton, known as the Eastern half of lot No. 40, which is bounded

on the east by a certain other farm in Campton commonly called the "Basin," owned and occupied, by Charles Rogers and Phebe his wife. Upon the petition of Rogers and his wife, the selectmen of Campton on the second Monday of January 1843, laid out a new road through the farm of Eames, and assessed damages in the sum of thirty-five dollars "to the owner of the land over which the highway is laid, to be paid by the said Charles Rogers and others, owners and occupants of said lot numbered forty-six, meaning the farm called the 'Basin'; said highway being for the particular accommodation of him and them."

The petition stated various facts having a tendency to show that the sum awarded him by the selectmen in damages, was an inadequate one for the object of his indemnity; and that he was prevented by mistake and accident from attending the selectmen on the occasion of the appraisal of the damages, and consequently from being heard by them in that behalf. At the Court of Common Pleas, to which court the petition was addressed, the petitioner, the town of Campton, and Rogers and wife, appeared by their respective counsel; and the two parties last named submitted motions that the petition be dismissed.

The questions of law arising thereon were transferred and assigned to this court.

*W. C. Thompson,* for the petitioner.

*Wilcox,* for Rogers and wife, contended that the petition was informal — that the parties were not jointly liable in any event. The award is indefinite as to the parties required to pay, naming only the owners of lot No. 46.

*Quincy,* for Campton, contended that the petition was formal, and that Rogers and wife for whose benefit the

road was laid were legally chargeable with the payment of the increased damages.

GILCHRIST, J. It appears that on the second Monday of January 1843, the selectmen of Campton, upon the petition of Charles Rogers and Phebe his wife, laid out a road across the land of the petitioner, for the accommodation of those parties, and assessed damages to Eames in the sum of $35, to be paid by said Rogers, and he petitions the Court of Common Pleas to render him redress, and award him reasonable damages.

It is admitted that the damages awarded by the selectmen have been paid.

It is objected that the petition can not be sustained against any of the parties named therein, and that the statute has made no provision for any damages beyond the sum assessed by the selectmen.

To the first objection it is answered, that the petition has not set forth any parties to the petition, but has merely stated the facts, and it appears from an examination of the petition that nothing more is done than to state the facts, and ask for such redress as the court may lawfully grant.

The 1st section, chapter 49 of the Revised Statutes, provides that selectmen may lay out a road for the accommodation of the party applying therefor.

Sec. 7, chap. 52, provides that damages assessed upon a laying out of a road for the accommodation of individuals, shall be paid by them.

Sec. 9, chap. 50, provides that if any person shall think himself aggrieved, &c., by the assessment of damages made by selectmen, he may within a year petition the Court of Common Pleas for redress; and the court may award such damages as may be just, and costs to either of the parties in their discretion, and issue execution therefor.

The Revised Statutes went into operation on the first day of March 1843. This petition is dated May 13, 1843.

The petition of Rogers had been commenced and the damages awarded, before the 1st day of March.

The 5th section of chapter 230 enacts, that the repeal of any acts therein named shall not affect any act done or any right accruing or accrued, or acquired or established, or any suit or proceeding had or commenced in any civil case, before the time when said repeal shall take effect.

This case then comes under this provision. The rights of the person entitled to damages, if any such there be, are directly secured by the act. Although this petition is dated since the 1st of March 1842, the whole proceedings upon which it is based, and upon which the rights and liabilities of all parties depend, were settled before the Revised Statutes went into operation.

We must therefore look to the laws before that time, for the sources of our authority to interfere in this case, if we possess any.

The 1st section of the act for laying out highways, N. H. Laws 573 (Ed. of 1830), provides that the selectmen may lay out highways "for the particular accommodation of the individuals applying for the same."

Section 3 provides that "when a highway shall be laid out as aforesaid for the particular accommodation of one or more individuals, the damages shall be paid by such individuals."

Section 5 enacts that "If any person be aggrieved by the assessment of damages made by the selectmen, he may petition the Court of Common Pleas for redress; the court shall inquire into the same by a committee and order such redress as justice may require; and may order either of the parties to pay costs as they may think just, and may issue execution for the damages and costs against

the town, or for costs in favor of the town, and against the party making the application.

This section contains also a provision, that in such case due notice shall be given to the selectmen.

Now if this section had been intended to comprehend the case of an individual whose land had been taken for a private way, it is difficult to see why notice should have been ordered to be given to the selectmen. They have no interest in the matter individually. The town whose interests they represent has no interest. Both to the selectmen and to the town, it is a matter of entire indifference whether the estimate of damages which the petitioner shall pay the land-owner shall be increased or not; for whatever may be the result, the money does not in any event come from the treasury of the town. But applied to cases where the damages are to be paid by the town, the provision has a definite meaning and reason. The selectmen should be notified as the managers of the prudential affairs of the town, because the interest of the town is to be protected. It is therefore a reason for holding, that the owner of land taken for a private way is not meant to be included in this section, because a body of men are to be notified who had no personal or representative interest in the matter.

This may be a *casus omissus*. It may be a matter which the legislature would have provided for, had the question been particularly brought before them when the law was enacted. But still there is a good reason why they might not have meant to afford a person in the situation of this petitioner, the opportunity of having his case again heard and examined. If he has the right to another hearing before a committee of the Court of Common Pleas, he has greater opportunities than persons have whose land is taken for a highway for the accommodation of the public. He has two impartial and disinterested tribunals for the examination of his case, while other per-

sons have but one. When Rogers in this case applied to the selectmen of Campton for the laying out of the road, he went before a tribunal entirely disinterested as between him and Eames the petitioner; and who had no other object in view than to make an exact and just appraisment of the damages. If the petitioner should now have the opportunity to be again heard before a committee of the Court of Common Pleas, he would have another hearing before another impartial tribunal.

Now there is an obvious reason why, when land is taken for the accommodation of the public, and damages are assessed by the selectmen against the town whose interests they represent, upon an application to them to lay out a road within the limits of that town, the landowner should have the opportunity of being again heard on the question of damages. The selectmen are not in such case an entirely impartial tribunal. They award damages against the town whose interests they are selected to represent. They are liable to pay their proportion of the damages they may assess in the shape of taxes. Now however honest and impartial they may be as men, considered as a tribunal, they can not be regarded as impartial, and there is therefore a good reason why their assessment should be re-examined.

Nor does this petition stand in any more unfavorable position than he whose land is taken for a highway from town to town. In such case the assessment of damages by the committee or the Road Commissioners, is conclusive, in the absence of fraud, or manifest error perhaps. At least there is no appeal from their assessment of damages.

There is another view also to be taken of this case.

The 2d section provides that when a highway is laid out for the accommodation of the public in general, the damages shall be paid by the town. And when it is laid

Eames' Petition.

out for the accommodation of individuals, the damage shall be paid by such individuals.

The 5th section provides that when a petition is presented for an increase of damages, the court may issue execution for the damages and costs against the town.

Now the provision that execution shall issue against the town, is applicable to the case where the damages are to be paid by the town. There is no reason why where the damages are to be paid by individuals, the execution should issue against the town. The town has been in no fault, and has been guilty of no omission of duty. This provision then goes to show, that in the 5th section were meant to be included only the cases of those persons whose land had been taken for a highway for the accommodation of the public, upon an estimate of damages by the selectmen against their town. In the absence of any provision for an execution against the person for whose accommodation the highway was laid out, there is every reason to suppose that the legislature intended to leave the matter with the selectmen, as if a committee should award damages, no means are provided for enforcing the collection of the amount.

*Petition dismissed.*